**UNITED STATES DISTRICT COURT**
*for the*
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

| | | |
|---|---|---|
| CIERRIA WARREN, | ) | Civil Action No.: |
| | ) | Honorable |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant, | ) | |

_____

**Marc J. Mendelson P-52798**
**Javon Williams P-74152**
MIKE MORSE LAW FIRM
Attorneys for Plaintiff
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075-l816
(248) 350-9050
javon.williams@855mikewins.com;
meg.day@855mikewins.com

_____

**COMPLAINT**

NOW COMES Plaintiff, Cierria Warren, by and through her attorneys, Mike Morse Law Firm, and for her Complaint against the above named Defendant, United States of America, states as follows:

**INTRODUCTION**

1. This is an action against Defendant, United States of America, under the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. §

1346(b)(1), for negligence in connection with a motor vehicle accident caused by an employee of said Defendant.

2.    The claims herein are brought against Defendant, United States of America, pursuant to the Federal Tort Claims Act (28 U.S.C. § 2671, et seq.) and 28 U.S.C. § 1346(b)(1), for money damages as compensation for personal injuries caused by said Defendant's employee's and/or agent's negligence.

3.    Plaintiff has fully complied with the provisions of 28 U.S.C. §2675 of the Federal Tort Claims Act. (Standard Form 95 attached as Exhibit A).

4.    This suit has been timely filed, in that Plaintiff timely served notice of her claims on the United States Postal Service, as an agent of Defendant, United States of America, on November 12, 2024, less than two years after the incident forming the basis of this suit.

5.    Plaintiff files this Complaint pursuant to 28 U.S.C. §2401(b) after the United States Postal Service's failure to make a final disposition of Plaintiff's claim within six months of filing.

## PARTIES, JURISDICTION AND VENUE

6.    Plaintiff restates each and every allegation above as if set forth fully herein.

7.    Plaintiff, Cierria Warren, is and has at all times pertinent hereto, been a resident of Flint, Charter Township of Mundy, County of Genesee, State of Michigan, and resides within the Eastern District of Michigan.

8.  Defendant, United States of America, through its agency, the United States Postal Service, operates postal facilities within the southeast regions of the State of Michigan, including, but not limited to the City of Pontiac, Oakland County.

9.  At all relevant times relevant to this Complaint, the directors, officers, operators, administrators, employees, agents, and staff of the Department were employed by and/or acting on behalf of Defendant, United States of America. Furthermore, Defendant is responsible for the negligent acts of its employees and agent pursuant to the doctrine of respondeat superior.

10. The incident or occurrence alleged herein did occur in the City of Pontiac, County of Oakland, State of Michigan.

11. Jurisdiction is proper under 28 U.S.C. § 1346(b)(1).

12. Venue is proper under 28 U.S.C. § 1402(b)(1) in that all, or a substantial part of the acts and omissions forming the basis of these claims occurred in the City of Pontiac, Michigan, within the Eastern District of Michigan

## FACTUAL ALLEGATIONS

13. Plaintiff restates each and every allegation above as if set forth fully herein.

14. That on or about March 30, 2023, at approximately 5:04 p.m., Plaintiff was involved in a motor vehicle collision at or near the intersection of West Huron Street and Mohawk Road, in the City of Pontiac, Oakland County, Michigan.

Plaintiff was traveling in a southerly direction from southbound Mohawk Road while attempting a left hand turn onto eastbound West Huron Street, when she was violently struck by Antonio Luis Cordova's vehicle, which was being operated with willful and wanton disregard for the safety and rights of others and was traveling westbound on West Huron Street in a careless, negligent, reckless and improper manner within the center turn lane, when Antonio Luis Cordova, failed to exercise due care and caution and failed observe Plaintiffs' vehicle while negligently operating his vehicle within the turn lane.

15. The motor vehicle accident was caused by the negligence of Antonio Luis Cordova while driving a motor vehicle owned by Defendant, United States of America, within the scope of his employment with Defendant.

16. Antonio Luis Cordova failed to operate his vehicle in a careful and prudent manner, negligently operated his vehicle within the turn lane, failed to stop his vehicle in assured clear distance, operated his vehicle in excess of the posted speed limit, failed to exercise due care and caution, and was operating the vehicle with willful and wanton disregard for the safety of other motorists, specifically Plaintiff, who was lawfully traveling from southbound Mohawk Road onto eastbound West Huron Street.

4

17. Antonio Luis Cordova's failure to operate his vehicle with due care and caution, failure to lawfully operate his vehicle within the westbound lanes of West Huron Street in adherence to MCL 257.642 and 257.634, and failure to operate his motor vehicle at a careful and prudent speed and in adherence to the posted speed limit in violation of MCL 257.627 while traveling westbound on West Huron Street, resulted in a collision and causing Plaintiff to suffer severe injuries.

### COUNT I
### CLAIM FOR TORT LIABILITY FOR NON-ECONOMIC LOSS
### UNDER MCL SECTION 500.3135(1)

18. Plaintiff repeats each and every allegation above as if set forth fully herein.

19. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Plaintiff, Cierria Warren, was the operator of a 2018 Ford Explorer motor vehicle bearing Michigan license plate number ERS7096.

20. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Antonio Luis Cordova, while acting within the scope of his office or employment with Defendant, United States of America as a director, officer, operator, administrator, employee, agent, and/or staff of Defendant, United States of America, was the operator of a

2019 International motor vehicle, bearing U.S. Postal Service vehicle identification number 2800603 and VIN number 3HCDZAPR9KL665425.

21. That on or about the aforementioned date and time and place indicated in Paragraph 14 of this Complaint, Defendant, United States of America, was the owner of the 2019 International motor vehicle being operated by Antonio Luis Cordova.

22. Antonio Luis Cordova owed to Plaintiff, Cierria Warren, certain duties which Antonio Luis Cordova, violated, and that the violation of these duties and obligations consisted of the following acts of negligence and breaches of duties owing to Plaintiff:

    (a)    Violation of the duty to operate the motor vehicle on the roadway in a manner and at a rate of speed that would permit it to be stopped within a safe distance, MCL 257.627(1), and Defendant owner allowing the same to happen.

    (b)    Violation of the operator's duty to exercise reasonable care and caution, MCL 257.627, and to observe other vehicles lawfully upon the roadway, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

    (c)    Violation of the duty to operate a motor vehicle so that collision with other vehicles would not ensue, particularly Plaintiff's vehicle, and Defendant owner allowing the same to happen.

    (d)    Violation of the duty to operate a motor vehicle in such a matter as to maintain the same under control taking into account the grade of roadway, general conditions then

existing, and to maintain the said vehicle so that it could safely be halted, and Defendant owner allowing the same to happen.

(e)     Violation of the duty to keep said motor vehicle under control at all times, and Defendant owner allowing the same to happen.

(f)     Violation of the duty to drive the vehicle on the roadway with due diligence and circumspection and to not endanger or be likely to endanger other persons or property, MCL 257.626c, and Defendant owner allowing the same to happen.

(g)     Violation of the duty to keep a proper lookout for conditions then and there existing, or while keeping said lookout, and failing to heed such conditions.

(h)     Operating said vehicle in a careless manner without due regard to the traffic, surface and width of the roadway, weather condition, and of other conditions then existing, and Defendant owner allowing the same to happen.

(i)     Failing to observe the roadway in front of the vehicle when Antonio Luis Cordova knew or should have known that failure to observe Plaintiff's vehicle would endanger the life or property of other persons using the roadway, and Defendant owner allowing the same to happen.

(j)     Driving the vehicle carelessly and recklessly with willful and wanton disregard for the safety and rights of others, MCL 257.626(1), and Defendant owner allowing the same to happen.

(k)     Failing to make timely use of the braking system with which said vehicle is equipped in violation of MCL 257.627 and MCL 257.649.

(l)     Improperly operating the vehicle within the turn lane in violation of MCL 257.642 and 257.634, and Defendant

owner allowing the same to happen.

    (m)    Failing to drive at a careful and prudent speed that was reasonable and proper having due regard for the traffic conditions and surface of the roadway, MCL 257.627, and/or other various laws, and Defendant owner allowing the same to happen.

23. Plaintiff further states and alleges that at the time and place herein before set forth, Antonio Luis Cordova did then and there negligently, carelessly, and without due regard for the rights of Plaintiff, fail and neglect to operate the motor vehicle driven by Antonio Luis Cordova, and owned by Defendant United States of America, as required, and as specifically set forth in the preceding paragraphs of this Complaint.

24. That the negligence and neglect of Antonio Luis Cordova consisted of violations of the duties and requirements of the Motor Vehicle Code of the State of Michigan, as set forth in Paragraph 22 of this Complaint, and constitutes circumstances where the United States, if a private person, would be liable to Plaintiff pursuant to 28 U.S.C. § 1346(b)(1).

25. That as a direct and proximate result of the breach of Antonio Luis Cordova's, duties, Plaintiff's vehicle was struck with great force and violence, causing Plaintiff to sustain serious and grievous injuries.

26. That as a consequence of the collision herein set forth, Plaintiff sustained injuries to her head, neck, back, shoulders, left hand and left thumb, including,

but not limited to: a radial collateral ligament sprain and tear of her left thumb requiring surgical intervention and resulting in permanent scarring at the site of her surgical incision, disc protrusions at C6-7 and T6-T7, disc bulges at C4-5 through C6-7 and at T5-T6, a T3 vertebral body hemangioma, and anxiety and depression, among other injuries, and injuries generally throughout the entire body, and sustained injuries and aggravations to pre-existing conditions, whether known or unknown at the time.

27.   That the injuries sustained by Plaintiff constitute a serious impairment of a body function, and serious and permanent disfigurement.

28.   That as a result of the injuries sustained by Plaintiff, he has suffered and will continue to suffer the following:

(a)   Pain and suffering, past, present and future.

(b)   Mental anguish.

(c)   Embarrassment and shock.

(d)   Loss of normal, social and recreational activities.

(e)   Permanent injury and incapacity of disability.

(f)   Loss of wage earning capacity and future wages.

(g)   Aggravation of pre-existing conditions, whether known or unknown.

WHEREFORE, Plaintiff, Cierria Warren, requests damages against Defendant, United States of America, in whatever amount she is found to be entitled,

as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

<u>**COUNT II**</u>
**VICARIOUS LIABILITY, RESPONDEAT SUPERIOR,**
<u>**OSTENSIBLE AGENCY AND/OR AGENCY**</u>

29. Plaintiff repeats each and every allegation above as if set forth fully herein.

30. At all relevant times, Antonio Luis Cordova was employed by and/or acting on behalf of Defendant, United States of America.

31. At all relevant times, Antonio Luis Cordova was acting within his respective capacity and scope of employment with Defendant, United States of America.

32. Antonio Luis Cordova negligently caused personal injury to Plaintiff, including both acts of omission and acts of commission.

33. As a direct and proximate result of Antonio Luis Cordova's negligence, Plaintiff has suffered severe injuries and extensive damages, as detailed above.

34. The acts and/or omissions set forth above constitute a claim under the laws of the State of Michigan, specifically the Michigan No-Fault Insurance Act, MCL 500.3101 et seq.

35. Defendant, United States of America, is liable pursuant to 28 U.S.C. §1346(b)(1).

WHEREFORE, Plaintiff, Cierria Warren, requests damages against Defendant, United States of America, in whatever amount she is found to be entitled, as may be found to be fair, just and equitable, together with interest, costs and attorney fees so wrongfully sustained. In addition, Plaintiff requests that the Court grant such other and further relief as necessary and proper in the above case.

Respectfully submitted,

MIKE MORSE LAW FIRM
Attorneys for Plaintiff

*/s/ Javon Williams*

_____
Marc J. Mendelson P-52798
Javon Williams P-74152
24901 Northwestern Highway, Suite 700
Southfield, Michigan 48075
(248) 350-9050

Dated:   June 4, 2025

11